*John Welch, plaintiff in error *against* James [*420 Vanbebber and William Chambers.

The statutes of Jeofaile cures errors in form, when the defendant pleads in chief and a trial has been had on the merits.

WRIT of error to the Common Pleas of Washington county.

It appeared by the record that a summons issued against James Welch for M'Donald and Welch and John Welch to answer, &c. returnable in August term 1803.

The summons was returned, served. John Welch appeared and pleaded *non est factum*, &c. The declaration was in these words:

Washington county *ss.*

In the Common Pleas of August term 1803.

Whereas a writ of summons was issued returnable to August term 1803, directed to the sheriff of Washington county aforesaid, commanding him that he should summon James Welch, &c. and John Welch to answer to James Vanbebber and William Chambers of a plea that they render to them $455 and 50 cents, &c. And whereas the said sheriff returned the said writ with an indorsement thereon, that he had served the said writ on the said Welch only; whereupon the said James Vanbebber and William Chambers by David Redick complains, that whereas the said James Welch for M'Donald and Welch and the said John Welch, by their certain writing obligatory dated the 15th day of November 1794, signed with the proper hand writing of the said John Welch, and of the said James Welch for M'Donald and Welch, at Baltimore, at the county of Washington aforesaid, and sealed with their seals, which is here shewn to the court, did promise to pay six months from the date thereof to the said James Vanbebber and William Chambers, or bearer, the sum of $455 and 50 cents, with lawful interest thereon from the date thereof; nevertheless the said John, and the said M'Donald and Welch hath not, nor either of them, paid to

the said James Vanbebber and William Chambers, or either of them, the said sum of $455 and 50 cents, with interest thereon as aforesaid, and the said John doth refuse still to pay the same, though often requested so to do, whereby the said James Vanbebber and William Chambers say they are damaged to the amount of 740 dollars and thereupon bring suit &c. pledges, &c.

The cause was tried at Washington in March term 1805, when a verdict was given for the plaintiffs for $455 and 50 cents debt $280 and 13 cents damages, and 6 cents costs ; judgment was entered generally.

*421]        *Mr. Campbell, for the plaintiff in error, stated the following exceptions to the record.

1. The summons issued against James Welch for M'Donald and Welch and John Welch : it is not alleged therein, nor in any part of the pleadings, that James was the partner of M'Donald and Welch ; he must therefore be considered as their agent, and the writ should have issued against them, not James.

2. The 1803 following the term, was in figures, and not at length, nor in Roman numerals.

3. There is a variance between the writ and count : the writ is against James Welch for M'Donald and Welch ; the count recites the writ, that the sheriff was requested to summon James Welch for, &c. and John Welch.

4. The declaration states, that John Welch only was summoned, and yet the declaration and other proceedings run on against James and John Welch if they do not include M'Donald and Welch also.

5. No request to pay the money, or refusal on the part of James Welch is laid in the declaration.

6. The summons is returned by the sheriff generally as served, which necessarily includes both James and John Welch : but the declaration states the service of the summons on John only.

Mr. Addison for the defendants in error, answered the exceptions as follows :

1. It does not appear from the pleadings, that James Welch was the agent of M'Donald and Welch, or acted under any authority from them.    He might have been one of the co-partners, and could well bind himself, though not his partner by deed. But this could not have been a subject of enquiry, when James Welch was not on his defence, not being summoned : if it could, it might have been urged on his behalf.

2. It was not necessary to insert the year at the beginning of the declaration.    An informality in an unessential matter, cannot violate the proceedings.

3. *Et cœtera* in law, means all that ought to have been expressed.    Co. Lit. 17 b.    These words refer to the expressions in the writ, and must be understood to correspond therewith.

4. No judgment could be rendered against M'Donald, because he was not called upon to answer ; nor against James Welch,

[Miles, in Error, *v.* Oldfield.]

for the same reason.   The plaintiffs have stated their cause of action against John Welch.

5. It was not necessary to alledge a request to pay to James Welch.   The duty here arises from the bill obligatory, not from the demand; and a debtor is bound to seek his creditor to pay a *just debt.   What need not be proved on the trial, need not be stated in the plaintiff's declaration. [*422

6. The judgment could only be rendered against John Welch, who was served with a summons, and has been heard in his defence, according to the declaration.   Most of the exceptions taken would have been invalid even upon a special demurrer.

TILGHMAṄ, C. J.   It must be admitted that the declaration is drawn very inartificially ; but it exhibits a substantive cause of action, though drawn informally.   None of the objections go to the merits, and on them a jury have decided.   If judgment had been rendered against James Welch, there would have been error apparent on the record.   It appears however, that John Welch only entered his appearance and was declared against ; he only pleaded *non est factum*, which was the issue tried, and the judgment, though entered generally, can refer to him alone.

YEATES, J.   If the defendant below wished to avail himself of any variance between the writ and count, he should have pleaded it in abatement.   If he insisted on want of form, he should have demurred specially.   But he has pleaded in chief, and a trial has been had on the merits.   Most of the objections are cured by the statutes of Jeofaile after verdict.   1 Dall. 461–2.   The only difficulty which presented itself to me was, as to the entry of the judgment on the general return of summons served ; but I fully concur with the chief justice in that particular for the reasons he has assigned.

SMITH, J. concurred.

BRACKENRIDGE, J.   The defendant below should have shewn the variance by plea in abatement.   He shall not be permitted to have a hearing on the merits, and then urge an informality by way of defence, which he ought to have availed himself of in an early stage of the cause.

Judgment against John Welch affirmed.